UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-HC-2062-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHRISTOPHER PERKINS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's 28 October 2011 *pro se* motion for conditional release. In 2009, respondent was committed to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4246(d). By order filed 3 May 2010, respondent was conditionally released from custody pursuant to 18 U.S.C. § 4246(e). On 9 August 2010, the government filed a motion to revoke respondent's conditional release. On 31 January 2011, respondent's conditional release was revoked by this court, and respondent was again remanded to the custody and care of the Attorney General.

Once an individual has been committed pursuant to 18 U.S.C. § 4246(d), there are only two methods by which that person may be deinstitutionalized. Under one method, the director of the facility in which the respondent is hospitalized may file a certificate with the court stating that the respondent is no longer in need of care:

> When the director of the facility in which a person is hospitalized pursuant to subsection (d) determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment.

18 U.S.C. § 4246(e). The other method by which a person may be deinstitutionalized is set forth

in 18 U.S.C. § 4247(h):

> Regardless of whether the director of the facility in which a person is hospitalized has filed a certificate pursuant to [18 U.S.C. § 4246(e)], counsel for the person or his legal guardian may, at any time during such person's hospitalization, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility . . . .

Here, respondent himself filed the motion. However, as demonstrated above, only the respondent's attorney[1] or guardian may formally request a hearing to determine whether the respondent should continue treatment in a psychiatric facility in the absence of a certificate from the director of the facility. The respondent himself may not make such a request *pro se*, nor may the district court conduct such a hearing *sua sponte*. See United States v. Hunter, 985 F.2d 1003, 1006 (9th Cir.), vacated as moot, 1 F.3d 843 (9th Cir. 1993); United States v. Nakamoto, 2 F. Supp. 2d 1289, 1290 (D. Haw. 1998). Thus, for the foregoing reasons, the court DENIES respondent's *pro se* motion for conditional release.

This 9 December 2011.

_____
W. Earl Britt
Senior U.S. District Judge

---

[1] Respondent is represented by the Office of the Federal Public Defender with regard to matters connected to his commitment.